UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| EDWIN MORALES, | 17-CV-5412 |
| Plaintiff, | |
| -against- | JURY TRIAL DEMANDED |
| THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT SERGEANT FRANK RODRIGUEZ, (Shield No. 2768); NEW YORK CITY POLICE OFFI, JOCERS CARLOS IRIZARRY (Shield No. 11048); JUANCARL PALACIOS (Shield No. 20117); VINCENT CIARDIELLO (Shield No. 02278), and JOHN DOES 1 through 5 (the names "John Doe" being fictitious, as the true names and shield numbers are not presently known), in their individual capacities, | **COMPLAINT** ECF CASE |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff EDWIN MORALES, by his attorney CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I.    **PRELIMINARY STATEMENT**

1. Plaintiff EDWIN MORALES, ("Plaintiff"), brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## II.    **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction

is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

### III.   VENUE

3.   Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §1402(b), where the plaintiff resides and the defendant CITY of NEW YORK maintains its relevant places of business, and where the majority of the actions complained of herein occurred.

### IV.   JURY DEMAND

4.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V.   THE PARTIES

5.   That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Kings, City and State of New York.

6.   That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

7.   That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

8.   That at all times hereinafter mentioned, defendants NYPD Sergeant FRANK RODRIGUEZ (Shield No. 2768), Officers CARLOS IRIZARRY (Shield No. 11048), JUANCARL PALACIOS (Shield No. 20117), VINCENT

CIARDIELLO (Shield No. 02278), and JOHN DOES 1 through 5 ("individual defendants") were at all times relevant herein officers, employees and agents of the NYPD. At all times relevant to this action, the individual defendants were acting under color of state law as agents, servants, employees and officers of the NYPD. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD.

9. The true names and shield numbers of defendants JOHN DOES 1 through 5 are not currently known to plaintiff. However, all of said defendants are employees or agents of the NYPD.

10. That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

11. The individual defendants are being sued in their individual capacities.

12. Defendants' acts herein complained of were carried out intentionally, recklessly, negligently, and with malice and gross disregard for plaintiffs' rights.

## VI. STATEMENT OF FACTS

13. The incident alleged herein occurred at approximately 7:00 p.m. on September 14, 2014, when plaintiff EDWIN MORALES was in the vicinity of 5th Avenue and 46th Street in Kings County, New York, and continued thereafter as set forth below.

14. On that date and at that time, plaintiff observed NYPD officers verbally harassing and physically abusing members of a family that had been operating a fruit stand during a festival in Sunset Park.

15. He could hear one of the police officers say, in sum and substance, ""YOU WANNA FUCK WITH US WE'LL FUCK WITH YOU."

16. Plaintiff crossed the street to observe the altercation.

17. Without warning or provocation, one of the named defendants pushed him and another grabbed him by the arms and placed him in handcuffs.

18. Plaintiff was charged with violations of New York Penal Law § 195.05, Obstructing Governmental Administration in the Second Degree; New York Penal Law § 205.30, Resisting Arrest, New York Penal Law § 240.26, Harassment in the Second Degree, and New York Penal Law § 240.20, Disorderly Conduct.

19. In a sworn information, signed on September 15, 2017, defendant CARLOS IRIZARRY (Shield No. 11048) made the following factual allegations against Mr. MORALES:

Deponent states that at the above time and place, when deponent attempted to effectuate a lawful arrest of apprehended other, Jonathan Daza (K14683077), defendant began to scream, yell and push deponent and other police officers out of the way, thereby preventing deponent from arresting Jonathan Daza.

Deponent further states that, at the above time and place, defendant threw a slice of pizza at the deponent, which made impact with the deponent and caused deponent to become alarmed and annoyed.

Deponent further states that, at the above time and place, when deponent attempted to place handcuffs on the defendant, defendant flailed defendant's arms, thereby preventing deponent from performing a lawful arrest.

20. Defendant IRIZARRY made these allegations knowing them to be untrue.

21. Plaintiff was required to return to court on multiple occasions to defend himself against the charges initiated against him by defendants.

22. On or about April 22, 2015, the charges against plaintiff were dismissed.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

23. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

24. At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

25. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

27. The acts complained of were carried out by the aforementioned individual defendants, in particular RODRIGUEZ, IRIZARRY, JUANCARL PALACIOS, VINCENT CIARDIELLO in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages,

practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of said department.

29. The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. §1983

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

32. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

33. As a result of the aforesaid conduct by defendants RODRIGUEZ, IRIZARRY, JUANCARL PALACIOS, VINCENT CIARDIELLO and JOHN DOES 1-5, plaintiff was subjected to illegal, improper and false arrest by the

6

defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

34. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

35. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF AND RETALIATION FOR
### THE EXERCISE OF RIGHTS AND FREE SPEECH AND ASSEMBLY UNDER
### 42 U.S.C. §1983

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

37. By the actions described above, the defendants violated, and retaliated for the exercise of the free speech and assembly rights of the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution, and the laws and Constitution of the State of New York.

38. The Supreme Court of the United States has consistently held that people have a 1st amendment right to verbally challenge police action. City of Houston v. Hill, 482 U.S. 451 (1987).

**FOURTH CLAIM FOR RELIEF:**
**EXCESSIVE USE OF FORCE UNDER 42 U.S.C. §1983**

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40. Plaintiff was unnecessarily struck, shoved, punched, kicked, and forcefully handcuffed by RODRIGUEZ, IRIZARRY, JUANCARL PALACIOS, VINCENT CIARDIELLO and/or JOHN DOES 1-5 at the scene at the time.

41. The circumstances presented to the individually named defendants at the time did not support any of the above applications of force on plaintiff.

42. Plaintiff was subjected to excessive force and was assaulted by RODRIGUEZ, IRIZARRY, JUANCARL PALACIOS, VINCENT CIARDIELLO and JOHN DOES 1-5, in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

43. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer serious bodily injury, violation of his civil rights, emotional distress and anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and standing within his community.

44. As a result defendants' impermissible conduct, Plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**FIFTH CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE UNDER 42 U.S.C. §1983**

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. All individually named defendant at the scene of the arrest, including RODRIGUEZ, IRIZARRY, PALACIOS, CIARDIELLO and JOHN DOES 1-5 had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights.

47. All individually named defendants at the scene of the arrest, including RODRIGUEZ, IRIZARRY, PALACIOS, CIARDIELLO and JOHN DOES 1-5 failed to intervene on plaintiff's behalf in order to prevent the violation of his constitutional rights despite having a realistic opportunity to do so, and despite their awareness that their rights were being violated.

48. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear humiliation, loss of freedom, and damage to his reputation and standing within his community

49. As a result defendants' impermissible conduct, Plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## SIXTH CLAIM FOR RELIEF:
## DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHT TO FAIR TRIAL  UNDER 42 U.S.C. §1983

50.	Plaintiff repeats, reiterates, and re-allegse each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51.	At the aforementioned times and locations, plaintiffs were detained and held under the imprisonment and control of the defendants RODRIGUEZ, IRIZARRY, PALACIOS, CIARDIELLO and JOHN DOES 1-5, and other unidentified officers without probable cause.

52.	Defendants commenced the criminal action against plaintiffs in the absence of any probable cause that a crime had been committed.

53.	Defendants commenced this criminal action out of malice.

54.	The criminal action against plaintiff has terminated in their favor.

55.	That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

56.	Any attendant criminal complaint that resulted was the product of fraud, perjury, the fabrication of evidence, or other police conduct enumerated above undertaken in bad faith.

57.	Upon information and belief, the individually named defendants, and in particular IRIZARRY, made false statements to the District Attorney's Office and executed a document bearing a false statement. This was a deliberate falsehood made in bad faith and intended to secure a conviction.

58. Upon information and belief, defendant RODRIGUEZ colluded with IRIZARRY in this fabrication and was involved in the perpetuation of the fraudulent execution of a court document.

59. That as a direct, sole and proximate result of the defendants' actions, plaintiffs were caused to sustain psychological trauma, humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

**SEVENTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY UNDER MONELL ARISING FROM**
**UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983**

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

61. Defendants RODRIGUEZ, IRIZARRY, PALACIOS, CIARDIELLO and JOHN DOES 1-5 arrested and detained plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of officers of said department.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY of NEW YORK and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a. wrongfully arresting individuals engaged in first amendment protected expression without probably cause due to perceived lack of respect for the police officer through the content of their communications (i.e. "contempt of cop" arrests of persons engaged in first amendment protected expression);
   b. wrongfully arresting individuals engaged in first amendment protected expression without probable cause in attempts to justify excessive uses of force against same, (i.e. "contempt of cop," "cover charge" arrests; condoning brutality).
   c. The pervasive failure to train, supervise, instruct and discipline police officers with respect to the constitutional rights of citizens, and encouraging the ensuing misconduct through condoning officers' widespread custom or practice known as "the Blue Wall of Silence," wherein officers deliberately frustrate official and departmental oversight by discouraging officers from reporting violent and unlawful acts of other police officers, and by retaliating against officers who report police misconduct.
   d. Making false statements to the District Attorney or in a sworn court document averring to facts that one did not witness, also known as "turning over" an arrest to another officer.

65. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

66. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil

rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

67. As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;
    b. Punitive damages;
    c. The convening and empaneling of a jury to consider the merits of the claims herein;
    d. Costs and interest and attorney's fees;
    e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
September 14, 2017

                              Respectfully submitted,

                              **The Law Office of**
                              **Christopher H. Fitzgerald**
                              *Counsel for Plaintiff*

                              ____/s/_____
                              By: Christopher H. Fitzgerald
                              (CF7339)
                              233 Broadway, Suite 2348
                              New York, NY 10279
                              (212)226-2275